**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4808**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL BEHRENS,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:13-cr-00040-JPB-JES-1)

—————————

Submitted: May 21, 2015        Decided: May 27, 2015

—————————

Before KING, WYNN, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Behrens of two counts of obstructing and resisting an officer, in violation of 18 U.S.C. § 111(a)(1) (2012). The district court sentenced Behrens to 24 months' imprisonment. On appeal, Behrens' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court erred in denying Behrens' motion for judgment of acquittal. The Government declined to file a brief. Behrens was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

This court reviews a district court's denial of a motion for judgment of acquittal de novo. United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015). The jury verdict must be sustained if there is substantial evidence, when viewed in the light most favorable to the government, to support it. Id. "Substantial evidence is that which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Id. (quoting United States v. Hassan, 742 F.3d 104, 139 (4th Cir. 2014)).

To establish the offense of obstructing and resisting an officer, the government had to prove that: (1) Behrens

"forcibly resisted, opposed, impeded, intimidated and interfered" with a federal law enforcement officer; (2) "this occurred while the officer was engaged in the performance of his official duties;" and (3) Behrens did so willfully. Potter v. United States, 691 F.2d 1275, 1280 (8th Cir. 1982); see also United States v. Feola, 420 U.S. 671, 684 (1975) ("All the statute requires is an intent to assault, not an intent to assault a federal officer."). Our review of the record shows that substantial evidence supports the jury's verdict, and the district court did not err in denying Behrens' motion for judgment of acquittal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Behrens, in writing, of the right to petition the Supreme Court of the United States for further review. If Behrens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Behrens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED